IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **ASHLEY E. GARZA,** § | | |
| *Plaintiff,* § | | |
| § | **CIVIL ACTION NO.** | |
| § | | |
| **VS.** § | | |
| § | | |
| **SOUTH TEXAS REHABILITATION** § | **(JURY REQUESTED)** | |
| **HOSPITAL, LP,** § | | |
| *Defendant* § | | |

**PLAINTIFF ASHLEY E. GARZA'S ORIGINAL COMPLAINT**

**TO THE HONORABLE U.S. DISTRICT COURT JUDGE:**

**COMES NOW, ASHLEY E. GARZA** (hereinafter referred to as Plaintiff) complaining of **SOUTH TEXAS REHABILITATION HOSPITAL, LP.** (hereinafter referred to as the "Defendant", or "Defendant employer") and for such causes of action would respectfully show unto the Court and the Jury as follows:

## I.
## Parties

1.   Plaintiff, **ASHLEY E. GARZA**, is an individual residing in Brownsville, Cameron County, Texas.

2.   Defendant **SOUTH TEXAS REHABILITATION HOSPITAL, LP.** is an entity authorized to do business in the State of Texas and may be served by serving its registered agent as follows:

**Corporate Creations Network, Inc.
2425 W. Loop South #200
Houston, Texas 77027**

## II.
## Venue and Jurisdiction

3. This court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §§1331 & 1343. Venue exists in this district and division as detailed in 28 U.S.C. §1391.

## III.
## Administrative Procedures

4. Within 300 days of the occurrence of the acts complained of, Plaintiff filed her initial complaint with the Equal Employment Opportunity Commission alleging that the Defendant had committed unlawful employment practices against the Plaintiff. The formal charge and the "Dismissal and Notice of the "Right to File Civil Action Letter" were filed and received as follows:

Formal Complaint Filed:         September 19, 2016
Notice of Right to File A

Civil Action Letter Received:   July 27, 2018

5. On July 27, 2018, Plaintiff received from the United States Equal Employment Opportunity Commission, Plaintiff's Dismissal and Notice of Rights letter allowing the Plaintiff to file this lawsuit within ninety days of its receipt.  Plaintiff's statutory claims were filed within ninety days of its receipt. Plaintiff further invokes the relation back theory as well as any and all equitable doctrines necessary to satisfy the administrative requirements set forth by law.  All conditions precedent to the filing of this lawsuit and as required by law have been performed or have occurred.

## IV.
## Factual Background

6. On or about May 2014, Plaintiff was initially hired by South Texas Rehabilitation Hospital, LP, part time working between twenty to thirty hours per week, earning approximately

$50.00 per hour plus fringe benefits. During Plaintiff's tenure of employment with the company, she performed all of her duties with dedication, hard work and loyalty.

7. On the date of Plaintiff's wrongful termination/discharge, she was a Certified Occupational Therapy Assistant, earning approximately $50.00 per hour. During the time, Plaintiff was employed with South Texas Rehabilitation Hospital, LP, she never received any write-ups nor any other disciplinary action.

8. Plaintiff was considered a PRN employee, which meant that her work schedule hours varied. Plaintiff would be called when needed or scheduled ahead of time to cover a full-time therapists' vacation or planned days off. On or about May 2016, Kathy Ramirez, Full-time Certified Occupational Therapy Assistant, announced her resignation as of June 2016. Plaintiff expressed interest in the soon to be vacant full-time position to Violet Delotta, Director of Therapy (DOT). Violet De Lotta, assured Plaintiff she would discuss the position with Human Resources Tony Rodriguez and would advise Plaintiff about starting. Plaintiff inquired if there was anything required to be done to apply for the soon to be open vacant full-time position and asked for an application. Plaintiff was advised that she would only have her status adjusted in the employee data base and fill out the required paperwork upon beginning full-time status. Plaintiff's tentative start date was to be July 16, 2016 and she was advised she would be still be available for PRN hours until she started the new full-time position.

9. Immediately, following Plaintiff's interest in the Certified Occupational Therapy Assistant position, Plaintiff's Supervisor Violet Delotta (Director of Therapy), questioned Plaintiff about her childcare situation. Plaintiff explained that as a PRN she did not have full-time care, but could easily be arranged prior to starting the new position. Plaintiff repeatedly was asked about her childcare situation by Ms. Delotta and shortly after was also asked about her husband's position

with the Federal Government, and the possibility of being transferred. Plaintiff assured her supervisor that she would be able to make a fulltime commitment and had not plans on moving in the near future. Additional questions from Ms. Delotta to Plaintiff followed, with one them being whether Plaintiff would be able to make a full-time commitment to the position, to which Plaintiff confirmed she could. Ms. Delotta's questions to Plaintiff continued seeming invasive. More-so when inquired with Plaintiff about Plaintiff's family planning and if she planned on having another baby. Plaintiff did not give Ms. Delotta a response. Plaintiff stopped responding to the questions, and simply confirmed that she was able to make a full-time commitment.

10. Plaintiff's start date of July 16, 2016 arrived and passed, without Plaintiff able to begin her new position as guaranteed by Ms. DeLotta. Plaintiff presumed that during the next PRN meeting, she would be provided with the information for her new position.

11. During the month of July 2016, Plaintiff was not contacted for any PRN shifts, and neither did she receive any updates regarding her new position as the full-time Certified Occupational Therapy Assistant. Plaintiff assumed there was not a need for a fulltime therapist and was told that the hospital's case load was low, which didn't seem uncommon to Plaintiff. She also thought that she would be notified when she was to start her new fulltime position. However, on or about September 2016, Plaintiff learned that the full time position she had been allegedly granted and was awaiting to begin, had instead been given to a male by the name of Jose Reyes. Mr. Reyes had just completed his schooling as a Certified Occupational Therapy Assistant, therefore had no experience in the field, as opposed to Plaintiff's five years of hands on experience.

12. Plaintiff alleges that there was no legitimate business justification for her constructive discharge in that the Plaintiff had always performed a satisfactory job for the Defendant employer during her employment and that there was work available and there

continues to be work available which Plaintiff could perform. Plaintiff asserts that she was discriminated against by Ms. Delotta (Director of Therapy) by Ms. Delotta's frequent inquiries on Plaintiff's childcare arrangements, possible living arrangements due to Plaintiff's husband's occupation, as well as any future additions to Plaintiff's family. Plaintiff intends to prove that the mistreatment received by her including, but not limited to race, national origin and gender (female) discrimination, among other things, was part of a pattern and practice engaged in by the Defendant employer towards the Plaintiff and others similarly situated.

## V.
## Causes of Action – Wrongful Termination

**A.     Violations of the Texas Commission on Human Rights Act and Title VII of the Civil Rights Act of 1964.**

13.     Plaintiff re-alleges the allegations contained in Section IV, entitled *Factual Background*.

14.     Plaintiff alleges that he was discriminated against due to her race (White), national origin (Caucasian) and gender (female).

15.     Plaintiff was terminated/discharged and refused a full-time position by members of Defendant's management due to discriminatory reasons and due to the culmination of discriminatory conduct directed against her by the Defendant.

16.     Plaintiff asserts that a motivating or determining factor in her unlawful termination was because she was discriminated against in violation of the Texas Commission on Human Rights Act (hereinafter the "TCHRA"), and Title VII of the Civil Rights Act of 1964 on account of her, race (White), national origin (Caucasian) and sex/gender (female)

17. The Defendant, its agents, servants, and employees discharged or in some other manner discriminated against Plaintiff on account of her race (White), national origin (Caucasian) and gender (female).

18. As such, Plaintiff, falls within a protected class under the Texas Commission on Human Rights Act ("TCHRA" or "the Act"). *The Texas* Commission *on Human Rights Act* provides *as* follows:

**Section 21.051 Discrimination by Employer:**

An employer commits an unlawful employment practice if because of *race*, color, *disability,* religion, *sex*, *national origin*, or *age*, the employer:

1. *Fails or refuses to hire an individual*, *discharges an individual, or discriminates in any other manner against the individual in connection with compensation or the terms, conditions, or privileges of employment*; or

2. *Limits, segregates or classifies* an employee or applicant for employment in a manner that would deprive or tend to deprive an *individual of any employment opportunity or adversely affect in any other manner the status of the employee.*

(Vernon's 2013)(Emphasis added).

19. Further, Plaintiff alleges that the wrongful termination by the Defendant employer was a form of retaliation because of her complaints of discrimination. Such actions are prohibited by an employer as follows:

**Section 21.055, Retaliation**

An employer, labor union or employment agency commits an unlawful employment practice if the employer, labor union or employment agency *retaliates* or *discriminates* against a person who, under this Chapter:

1. *Opposes discriminatory practice*;
2. Makes or files a charge;
3. Files a complaint; or
4. Testifies, assists or participates in any manner in an investigation, proceeding or hearing.

(Vernon's 2013)(Emphasis added).

20. As a result of the discriminatory treatment, her ultimate termination/discharge and/or the acts described herein, Plaintiff has suffered damages as further alleged in this Complaint.

## VI.
## Actual Damages

21. As a result of the incident made the basis of this suit, Plaintiff has incurred damages in the following respects:

**A.  Lost Earnings and Special Damages**

22. At the time of the incident complained of, Plaintiff was gainfully employed. As a proximate result of the wrongful conduct and corresponding acts of the Defendant employer, Plaintiff was unable to attend to her occupation and thereby suffered a loss of income for which she hereby sues. As a result of the wrongful conduct and corresponding acts of the Defendant employer, the Plaintiff's earnings, retirement and capacity to earn a livelihood were severely impaired. In all reasonable probability, the Plaintiff's loss of earnings and loss of earning capacity will continue long into the future, if not for the balance of the Plaintiff's natural life. Plaintiff therefore sues for any lost earnings in the form of back pay, lost wages, front pay, retirement benefits, and fringe benefits, lost future earnings and/or diminished earning capacity to the extent permitted by law due to the acts complained of above.

**B.  Past and Future Mental Anguish**

23. As a result of the incident described above, that is made the basis of this suit, Plaintiff has suffered physical injuries, sickness and/or illness as well as emotional distress, loss of enjoyment of life, mental anguish and other hedonic damages. The Plaintiff has suffered feelings of anxiety, worthlessness, embarrassment, and inferiority. The Plaintiff has further suffered ill-health effects including, but not limited to, agitation, restlessness, sleeplessness,

depression and/or loss of self-esteem due to the discriminatory treatment and/or her illegal termination or wrongful discharge. In all reasonable probability, Plaintiff will continue to suffer such physical injuries, sickness and/or illness as well as emotional distress, loss of enjoyment of life, mental anguish and other hedonic damages for a long time into the future, if not for the balance of her natural life.

## VII.
## Attorney's Fees

24.     By reason of the allegations of this Complaint and should Plaintiff be designated the "prevailing party", Plaintiff is entitled to recover attorney's fees in a sum that is reasonable and necessary. In this connection, Plaintiff will show that she has employed the undersigned attorney to assist her in the prosecution of this action. Plaintiff further seeks an upward adjustment or enhancement to the *lodestar* amount of attorney's fees to be determined in the prosecution of this lawsuit. A reasonable attorney's fee is further requested for the work expended in the preparation and trial of this cause along with a reasonable fee for any and all appeals to other courts. If ultimately successful in this case, Plaintiff fully expects that the Defendant employer will appeal this case. Plaintiff seeks attorney's fees to compensate the Plaintiff for the attorney's fees she has and will incur in the prosecution of this lawsuit, both at trial and on appeal. Plaintiff further pleads for the recovery of reasonable and necessary expenses for the use of associate counsel, paralegals and/or law clerks that assist in the prosecution of the case. As permitted, Plaintiff also seeks to re-coup all litigation expenses expended in the prosecution of this lawsuit.

## VIII.
## Exemplary Damages

25.     The conduct of the Defendant as set out above, was carried out and constituted such an entire want of care as to constitute a conscious indifference to the rights or welfare of the

Plaintiff.  Because of the spite, ill-will, malicious and/or fraudulent intent held by the Defendant's management toward the Plaintiff, such management, acting in a willful and intentional manner, committed certain acts calculated to cause injury and/or damage to the Plaintiff.  Accordingly, the Defendant acted with malice, actual malice and/or a specific intent to injure the Plaintiff.  Plaintiff is hereby entitled to recover exemplary or punitive damages to deter such cruel and undignified procedures by the Defendant and its management in the future.  Accordingly, Plaintiff requests that punitive damages be awarded against the Defendant as a result of its egregious violations of the law.

## IX.
## Demand for Trial by Jury

26.     Plaintiff, by and through her attorney of record make and file this demand for Trial by Jury in the above styled and numbered cause.  Plaintiff requests that this case be set on the jury docket of the court for disposition in due order and as soon as practicable.

**WHEREFORE,** Plaintiff, **ASHLEY E. GARZA** prays that this Honorable Court grant the following:

(1) Judgment against the Defendant, **SOUTH TEXAS REHABILITATION HOSPITAL, LP.**, for the Plaintiff's actual damages;

(2) Punitive damages;

(3) Attorney's fees;

(4) Pre-judgment interest allowed by law;

(5) Interest on said judgment at the legal rate from the date of judgment;

(6) For costs of suit herein; and

(7) For such other and further relief at law or in equity to which the Plaintiff may show herself justly entitled to receive and for which she shall forever pray.

Respectfully submitted,

**THE LAW OFFICES OF
CINDY A. GARCIA, P.C.**
200 N. 12th Ave., Suite 102
Edinburg, Texas 78541-3503
Telephone: (956) 412-7055
Facsimile: (956) 412-7105
thegarcialawfirm@gmail.com
cluna.garcialaw@gmail.com

By: /s/ cindy a. garcia
  Cindy A. Garcia
  State Bar No. 07631710
  Federal ID No. 58460

**ATTORNEY FOR PLAINTIFF
ASHLEY E. GARZA**